

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 3, 2021**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 19-33900-HDH-11** |
| **VIRTUOLOTRY, LLC** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S
### AMENDED PLAN OF REORGANIZATION, AS MODIFIED

WHEREAS, on July 31, 2020, Virtuolotry, LLC (the "Debtor") debtor and debtor-in-possession in the above-referenced case, filed its Plan of Reorganization [Docket No. 184][1] and the Disclosure Statement in Support of Debtor's Plan [Docket No. 185]; and

---

[1]    All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan (as the term "Plan" is hereinafter defined in this Confirmation Order, including specifically Paragraph 3 hereof).

WHEREAS, on September 15, 2020, the Debtor filed its Notice of Filing of Amended Plan of Reorganization and Amended Disclosure Statement [Docket No. 203], which proposed changes to the Debtor's plan; and

WHEREAS, on September 16, 2020, the Court held a hearing to consider the adequacy of Debtor's proposed amended disclosure statement; and

WHEREAS, the Court specified certain other changes to the proposed amended plan and amended disclosure statement, and such changes were subsequently incorporated into the Debtor's Amended Plan of Reorganization (the "Amended Plan")[Docket No. 215] and Amended Disclosure Statement in Support of Amended Plan of Reorganization (the "Amended Disclosure Statement")[Docket No. 216], which were filed on October 9, 2020; and

WHEREAS, after considering the proposed amended disclosure statement and specifying certain additional changes (which were incorporated into the Amended Plan and Amended Disclosure Statement filed at Docket Nos. 215 and 216, respectively), the Court issued its Order Approving Debtor's Disclosure Statement, Setting Confirmation Hearing, and Fixing Time for Filing Acceptances and Rejections of Debtor's Plan of Reorganization (the "Disclosure Statement Order")[Docket No. 226]; and

WHEREAS, on November 2, 2020, and in accordance with the Disclosure Statement Order, the Debtor caused the Amended Plan and Amended Disclosure Statement and a ballot for voting to accept or reject the Amended Plan (the "Solicitation Packet") to be transmitted to holders of Claims in Debtor's case; and

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 2**

DA 1995337.8

WHEREAS, prior to the Confirmation Hearing, the Debtor filed its Notice of Modifications to Amended Plan of Reorganization (the "Modification", and together with the Amended Plan, the "Plan")[Docket No. 257]; and

WHEREAS, pursuant to Bankruptcy Code section 1128(a), the Court held a hearing on December 21, 2020 to consider confirmation of the Plan (the "Confirmation Hearing"); and

WHEREAS, all objections to the Plan were withdrawn, resolved, or overruled.

NOW, THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearings, any declarations, pleadings, briefs, memoranda, stipulations, and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THE COURT FINDS AND CONCLUDES THAT:[2]**

**Jurisdiction and Notice**

A. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record of the Confirmation Hearing, including but not limited to the findings of the Court made on the record at the hearing on December 21, 2020, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent any of the following

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 3**

DA 1995337.8

findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusion of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction, Venue, Core Proceeding - 28 U.S.C. §§ 157(b)(2) and 1334(a).  The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. The Debtor is an eligible debtor under section 109 of the Bankruptcy Code. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor is a proper plan proponent under Section 1112(a) of the Bankruptcy Code.

C.    Chapter 11 Petition.    On November 22, 2019 (the "Petition Date"), the Debtor commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to continue to operate is business and manage its properties as a debtor-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed pursuant to Section 1104 of the Bankruptcy Code. No statutory committee of unsecured creditors has been appointed pursuant to Section 1102 of the Bankruptcy Code.

D.    Judicial Notice.  The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly appointed agent, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or addressed at the hearings held before the Court during the pendency of the Chapter 11 Case.

E.      Burden of Proof.  The Debtor, as the Plan proponent, has the burden of proving the elements of Bankruptcy Code sections 1129(a) by a preponderance of the evidence. The Debtor has met such burden.

F.      Transmittal and Mailing of Materials: Notice.  Due, adequate, and sufficient notice of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

G.      Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a).  The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

H.      Solicitation and Transmittal of Solicitation Package.  The solicitation of votes to accept or reject the Plan and requests for consent to the treatment were solicited in good faith and in compliance with Bankruptcy Code sections 1125 and 1126, and Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. The Solicitation Package was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.  All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 5**

DA 1995337.8

I.      Good Faith Solicitation—11 U.S.C. § 1125(e).  Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code section 1125.

J.      Notice of the Confirmation Hearing—Fed. R. Bankr. P. 2002 and 3017.  The Debtor gave notice of the Confirmation Hearing, the deadline to accept or reject the Plan, the deadline to object to the Plan in accordance with the Disclosure Statement Order.  The solicitation package prescribed by the Disclosure Statement Order was transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002 and 3017.

K.      Notice of the December 21, 2020 Hearing.  The Debtor gave proper notice of the hearing held on December 21, 2020.

L.      Impaired Classes That Have Voted to Accept the Plan.  As evidenced by the record established at the Confirmation Hearing, at least one  impaired Class has voted to accept the Plan, as defined by sections 1124 and 1126 of the Bankruptcy Code.

M.      Modifications To The Plan.  The modifications to the Amended Plan and incorporated into the Plan set forth in the Modification, do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, under Fed. R. Bankr. P. 3019, these modifications neither require additional disclosure under Bankruptcy Code section 1125 nor re-solicitation of acceptances or rejections under Bankruptcy Code section

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 6**

DA 1995337.8

1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Filing of the Modification and disclosure of the same on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case. Accordingly, pursuant to Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

N.   <u>Bankruptcy Rule 3016(a)</u>.  The Plan reflects the date it was proposed and identifies the entity submitting it as Plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

O.   <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a.   <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>.  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates six (6) Classes of Impaired Claims and one (1) Class of Unimpaired Interests.  The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between Holders of Claims.  The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

b.   <u>Specified Treatment of Impaired and Unimpaired Classes— 11 U.S.C. §§ 1123(a)(2) and (3)</u>.  Article V of the Plan specifies the treatment of the Impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

c.   <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>.  The Plan either provides the same treatment for each Claim within each respective Class or the Holder of a particular Claim or interest has agreed to a less favorable treatment of his/her/its particular Claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 7**

DA 1995337.8

d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VI of the Plan, as modified by this Confirmation Order, provides adequate and proper means for implementing the Plan. Other articles of the Plan provide means for implementation of the Plan as well. For example, Articles VII provides for the treatment of executory contracts and unexpired leases; Article VIII describes the process for resolving and treating disputed claims; and Article XI provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Plan.

e. <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management in Sections 6.5 of the Plan by stating that Reorganized Debtor shall continue to be owned by Richard Boyd and will be managed by Richard Boyd. Further, the Plan provides that after the Effective Date, the Denton Property will be managed by a management company, which may include an affiliate of the Debtor or Richard Boyd. Consequently, Bankruptcy Code section 1123(a)(7) is met.

f. <u>Permissible Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions, as modified by this Confirmation Order, are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

g. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Article V of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

h. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases not expressly assumed or rejected within thirty (30) days of the Confirmation Date as allowed by Bankruptcy Code section 1123(b)(2).

i. <u>Settlement of Claims—11 U.S.C. § 1123(b)(3)</u>. Article V of the Plan provides for various treatment of classes of claims, including the settlement of, or adjustments to, certain claims or interests belonging to the Debtor or to the estate as allowed by Bankruptcy Code section 1123(b)(3).

j. <u>Modify the Rights of Secured Creditors—11 U.S.C. § 1123(b)(5)</u>. Article V of the Plan modifies the rights of Secured

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 8**

DA 1995337.8

Creditors who are Holders of Secured Claims and thus conforms to Bankruptcy Code section 1123(b)(5).

k. _Additional Plan Provisions—11 U.S.C. § 1123(b)(6)_. The Plan, as modified by this Confirmation Order, also provides a number of provisions related to the means for implementing the Plan, including the continued operation of the Debtor. Further, the Plan provides a number of provisions related to the settlement, timing and payment of claims, as well as continuing jurisdiction and certain injunctions and exculpations. All other plan provisions are acceptable and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan complies with Bankruptcy Code section 1123(b)(6).

P.    _The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)_. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Based upon the record made at the Confirmation Hearing, _inter alia_: (a) the Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code section 109, (b) the Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court and (c) the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

Q.    _Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)_. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 9**

DA 1995337.8

of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

R.     <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>.     Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

S.     <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>.     The Debtor has complied with Bankruptcy Code section 1129(a)(5) by disclosing the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtor.

T.     <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>.     No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan.     Thus, Bankruptcy Code section 1129(a)(6) is not applicable in this Chapter 11 Case.

U.     <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>.     The Plan satisfies Bankruptcy Code section 1129(a)(7).     The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 10**

DA 1995337.8

the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

V.  Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9). The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

W.  Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10). At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

X.  Feasibility—11 U.S.C. § 1129(a)(11). The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code should the Administrative and Operating Reserve Account be funded before the Effective Date by Richard Boyd in the amount of at least $371,689.00 (less any amount paid by Richard Boyd to Debtor's authorized counsel prior to the Effective Date on account of compensation to such counsel previously approved by the Court but not including any amount paid from any prepetition retainer held by such counsel) as represented at the Confirmation Hearing. Specifically, in such event, the Plan is not likely to be followed by liquidation or need for further reorganization except as expressly provided by the Plan. The Court analyzed the factors traditionally used by bankruptcy courts in this Circuit—(i) the debtor's capital structure, (ii) the earning power of the business, (iii) economic conditions, (iv) the ability of debtor's management, (v) the probability of continuation of management, and (vi) any other related matters—and found that the factors support a finding that the Debtor's plan is feasible.

Y.  Payment of Fees—11 U.S.C. § 1129(a)(12). All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 11**

DA 1995337.8

on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

Z. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtor.

AA. <u>Inapplicability of 11 U.S.C. §§ 1129(a)(14) & (15)</u>. The Debtor does not have any domestic support obligations and is not an individual, thus section 1129(a)(14) and (15) are not applicable.

BB. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. The sale of the Denton Property under the Plan shall be done in accordance with any and all non-bankruptcy law. Thus, Bankruptcy Code Section 1129(a)(16), to the extent applicable, is met.

CC. <u>11 U.S.C. § 1129(b)</u>. All of the requirements of Bankruptcy Code section 1129(b) have been met as the Plan, as modified by this Confirmation Order, does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) any entity issuing securities under the plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor or equity security holder is Impaired under the plan and whether or not such Creditor or equity security holder accepted the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 12**

DA 1995337.8

DD.    <u>Westwood Lien and Westwood Escrow Amount</u>.  The Court finds that the Plan provides and grants to Westwood a first priority lien on the Denton Property, junior only to the liens of Creditors holding Secured *Ad Valorem* Tax Claims, to secure payment of the Westwood Claim and the treatment provided to the Westwood Claim. The Westwood Claim is not an Allowed Claim as of the date of this Confirmation Order because it is disputed by the Debtor and this Court shall hold a hearing at the appropriate time to determine whether the Allowed amount of the Westwood Claim will include post-petition interest and attorney's fees Westwood incurred during this bankruptcy. As provided in section 5.3.1 of the Plan, Westwood's Allowed Claim is subject to, and expressly conditioned upon the Westwood Appeal and the outcome of the Westwood Appeal. Until such time as the Allowed amount of the Westwood Claim is adjudicated and determined by a Final Order of this Court, or the Debtor, Reorganized Debtor, and Westwood agree to the amount of the Allowed Westwood Claim in a writing filed with the Bankruptcy Court, the amount of the Westwood Claim that is secured by the first priority lien on the Denton Property shall be $1,950,000.00. The Court finds that the "Westwood Escrow Amount" shall be $1,950,000.00. In making such finding the Court is not determining the lien priority during the pendency of Debtor's bankruptcy case or the reasonableness of any attorney's fees claimed or requested by Westwood. Instead, such finding establishes the amount that the Court finds will provide sufficient protection for Westwood. If the Court enters an Order determining the Allowed claim of Westwood to be less than the amount deposited in the Westwood Escrow Account, Westwood will immediately release from the Westwood Escrow Amount to the Debtor any amount of the Westwood Escrow Account in excess of the Allowed Claim as ordered by the Court. Nothing in this Paragraph DD shall impair, release, relinquish, waive, diminish, subordinate, or otherwise

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 13**

DA 1995337.8

adversely affect Westwood's first priority lien on the Denton Property (and its sales proceeds) provided and granted by the Plan and this Confirmation Order.

EE. <u>Condition Precedent—Casualty Insurance for Denton Property</u>. As a condition to Confirmation and the occurrence of the Effective Date, Debtor will obtain and maintain throughout the term and duration of the Plan casualty and loss insurance on the Denton Property in at least the amount of $1,950,000.00. The Plan will be further modified by this Confirmation Order to require and provide that Debtor shall maintain such casualty and loss insurance coverage continuously and uninterrupted throughout the term of the Plan and that Debtor's failure to maintain such insurance coverage shall constitute a default under the Plan. The Plan will be further modified by this Confirmation Order to require Debtor or Reorganized Debtor to provide evidence of such insurance coverage promptly to any party in interest requesting such evidence.

FF. <u>Resolved Objections</u>. The following objections were resolved or not prosecuted:

- Dallas County's Objection to Confirmation of Debtor's Plan of Reorganization [Docket No. 234].

GG. <u>Objections Overruled</u>. The following objections were overruled:

- Objection of Westwood Motorcars, LLC to Confirmation of Debtor's Amended Plan of Reorganization (the "Westwood Objection")[Docket No. 215;

HH. <u>Condition to Confirmation and Effective Date; Establishment of Administrative and Operating Reserve.</u> As a condition to Confirmation and the occurrence of the Effective Date, as required by Section 3 of the Modification, an Administrative and Operating Reserve in the amount of at least $371,689.00 in cash (less any amount paid by Richard Boyd to Debtor's authorized counsel prior to the Effective Date on account of compensation to such counsel previously approved by the Court but not including any amount paid from any prepetition retainer held by

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 14**

DA 1995337.8

such counsel) will be established with funds provided by Richard Boyd no later than 10 business days following entry of this Confirmation Order and such account will be segregated and maintained thereafter by Debtor or Reorganized Debtor for the purposes of paying administrative expenses and Claims required by the Plan and operating expenses for the Reorganized Debtor and for no other purpose. The specific escrow amounts are as follows:

1. 2020 *Ad Valorem* Administrative Expenses - $ 75,689.22;

2. U.S. Trustee Fees $ 6,000.00;

3. Operations Reserves - $ 45,000.00;

4. Property Management $ 30,000.00;

5. Estimated Administrative Expenses –

    a. Pronske & Kathman $57,130.26 ($200,000 less $142,869.74 paid);

    b. C.D. Shamburger $ 15,000.00.

TOTAL - $228,819.48

II.    <u>Satisfaction of Confirmation Requirements</u>. The Plan, as modified by this Confirmation Order, satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

## DECREES

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.    <u>Confirmation of the Plan</u>. The Plan, which includes any and all modifications, including any modifications set forth on the record at the Final Confirmation Hearing or provided in and by this Confirmation Order, is **APPROVED** and **CONFIRMED** under Bankruptcy Code section 1129 in its entirety. The terms of the Plan are incorporated by reference into and are an

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 15**

DA 1995337.8

integral part of this Confirmation Order. For convenience of reference, the Plan, with the modifications incorporated, is attached as **Exhibit A** to this Order.

2.    <u>Objections</u>. Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3.    <u>Approval of Plan Modifications</u>. The modifications, including those specified in the Modification, and those set forth on the record at the Confirmation Hearing and contained and incorporated into the Plan, are approved. The Plan, as so modified and as further modified by this Confirmation Order, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

4.    <u>Condition to Confirmation and Effective Date; Establishment of Administrative and Operating Reserve.</u> As a condition to Confirmation and the occurrence of the Effective Date, as required by Section 3 of the Modification, Debtor shall establish a segregated Administrative and Operating Reserve in the amount of at least $371,689.00 (less any amount paid by Richard Boyd to Debtor's authorized counsel prior to the Effective Date on account of compensation to such counsel previously approved by the Court but not including any amount paid from any prepetition retainer held by such counsel) funded by cash provided by Richard Boyd no later than 10 business days following entry of this Confirmation Order, which account shall be maintained thereafter by Debtor or Reorganized Debtor as a segregated account for the purpose of paying administrative expenses under the Plan and operating expenses of the Debtor or Reorganized Debtor and for no other purpose.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 16**

DA 1995337.8

5.     <u>Requirement of Minimum Casualty Insurance for Denton Property</u>.  As a condition to Confirmation and the occurrence of the Effective Date, Debtor shall obtain and maintain throughout the term and duration of the Plan casualty and loss insurance on the Denton Property in at least the amount of the Westwood Escrow ($1,950,000.00). The Plan is further modified by this Order to require and provide that Debtor or Reorganized Debtor shall maintain such casualty and loss insurance coverage continuously and uninterrupted throughout the term of the Plan and that failure to maintain such insurance coverage shall constitute a default under the Plan.  The Plan is further modified by this Order to require Debtor or Reorganized Debtor to provide evidence of such insurance coverage promptly to any party in interest requesting such evidence.

6.     <u>Westwood Lien and Westwood Escrow Amount</u>.  The Plan provides and grants to Westwood a first priority lien on the Denton Property, junior only to the liens of Creditors holding Secured *Ad Valorem* Tax Claims, to secure payment of the Westwood Claim and the treatment provided to the Westwood Claim. The Westwood Claim is not an Allowed Claim as of the date of this Confirmation Order because it is disputed by the Debtor and this Court shall hold a hearing at the appropriate time to determine whether the Allowed amount of the Westwood Claim will include post-petition interest and attorney's fees Westwood incurred during this bankruptcy. Section 5.3.1 of the Plan also provides that Westwood's Allowed Claim is subject to, and expressly conditioned upon, the Westwood Appeal and the outcome of the Westwood Appeal. Until such time as the Allowed amount of the Westwood Claim is adjudicated and determined by a Final Order of this Court, or the Debtor, Reorganized Debtor, and Westwood agree to the amount of the Allowed Westwood Claim in a writing filed with the Bankruptcy Court, the amount of the Westwood Claim that is secured by the first priority lien on the Denton Property shall be

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 17**

DA 1995337.8

$1,950,000.00. The "Westwood Escrow Amount" shall be $1,950,000.00. In establishing this amount, the Court is providing adequate protection to Westwood and the Court is not determining the lien priority during the pendency of Debtor's bankruptcy case or the reasonableness of any attorney's fees claimed or requested by Westwood, which matters will be adjudicated later as part of the Allowance of Westwood's Claim. If the Court enters an Order determining the Allowed claim of Westwood to be less than the amount deposited in the Westwood Escrow Account, Westwood will immediately release from the Westwood Escrow Amount to the Debtor any amount of the Westwood Escrow Account in excess of the Allowed Claim as ordered by the Court. Nothing in this Paragraph 6 shall impair, release, relinquish, waive, diminish, subordinate, or otherwise adversely affect Westwood's first priority lien on the Denton Property (and its sales proceeds) provided and granted and created by the Plan and this Confirmation Order. Westwood may file copy of this Confirmation Order in the real estate records of Dallas County, Texas, as further protection, perfection, and notice of the senior, first-priority liens and security interests granted under the Plan and this Confirmation Order.

7. **Westwood Appeal – Termination of All Bankruptcy Stays or Injunctions.** Entry of this Confirmation Order terminates any automatic stay provided by Section 362 of the Bankruptcy Code without any further notice, order, or action of this Court of any kind whatsoever. Accordingly, Appeal No. 05-19-01055-cv, captioned *Virtuolotry, LLC and Richard Boyd, Appellants, v Westwood Motorcars, LLC, Appellees*, currently pending in the 5th Court of Court of Appeals at Dallas may be prosecuted by the parties, and such appellate court (and any other appellate court, including the Supreme Court of Texas) may proceed with disposition of such appeal or any subsequent appeals or petition for review, as if no bankruptcy case had been filed by

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 18**

DA 1995337.8

Debtor and nothing in the Plan shall enjoin, stay, or otherwise impede the appeal process or the prosecution of the Debtor's appeal.

8.      Effects of Confirmation; Effectiveness; Successors and Assigns.  Subject to and upon the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) any entity issuing securities under the plan, (c) any Creditor, (d) any equity security holder, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, whether or not the claim or interest of such Creditor, equity interest holder is Impaired under the plan and whether or not such Creditor or equity security holder accepted the Plan.

9.      Exculpations.  The exculpation provisions set forth in Article XII of the Plan are incorporated into this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, and are subject to any other terms of the Plan, provided, however, that such provisions shall not constitute a statutory or contractual discharge of Debtor or Reorganized Debtor under Section 1141 or any other provision of the Bankruptcy Code.

10.     Injunction Against Interference with the Plan.  Pursuant to Article 12.12 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to section 105 of the Bankruptcy Code from taking any action to collect or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan, unless expressly provided otherwise in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 19**

DA 1995337.8

This Paragraph 10 and such injunction shall not prevent or preclude Westwood or any other Creditor from enforcing its Claims against Debtor or Reorganized Debtor in the event of any default under the Plan or the failure of Debtor or Reorganized Debtor to perform or comply with the Plan, including the commencement of proceedings in the Bankruptcy Court or any other court of competent jurisdiction on account thereof.

11.    Plan Implementation Authorization.  Pursuant to the Plan, as modified by this Confirmation Order, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided by the Plan.

12.    Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2).  Pursuant to Article VII of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be rejected as of the Confirmation Date, unless the Debtor expressly rejects such contract or lease on or before the ninetieth (90th) day after the Confirmation Date, or such executory contract or unexpired lease was previously rejected, or is subject to a pending motion to assume or reject as of the Confirmation Date.

13.    Rejection Damage Claims.  Pursuant to Section 7.2 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of an order rejecting such contract or lease.

14.    Reservation of Rights Regarding Executory Contracts and Unexpired Leases: Pursuant to 7.1 of the Plan, the Debtor has the right to file applications for the assumption or

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 20**

DA 1995337.8

rejection of any executory contract or unexpired lease at any time prior to ninety (90) days after the Confirmation Date.

15. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

16. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

17. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within ninety (90) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which the such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

18. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the later of the Effective Date or the due date. After the Effective Date, neither the Debtor nor its Estate, nor the Reorganized Debtor shall thereafter be liable for the payment of any additional fees.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 21**

DA 1995337.8

19.    <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

20.    <u>Retention of Jurisdiction</u>.  Except as otherwise specified in the Plan, pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XI of the Plan.

21.    <u>Notice of Entry of Confirmation Order</u>.  The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(j), 2002(k), and 3020(c) on all creditors, the United States Trustee, the Securities and Exchange Commission, the Internal Revenue Service, and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

22.    <u>Notice of Effective Date</u>.  Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 22**

DA 1995337.8

23.     <u>Reference to Plan Provisions</u>.  The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

24.     <u>Inconsistency</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

25.     <u>Enforceability</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

26.     <u>Final Order</u>.  This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

27.     <u>Administrative and Professional Fee Claims</u>.  Except for Professional Claims, the deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the Effective Date.  Except as expressly provided elsewhere in the Plan, any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served upon counsel for the Debtor. The deadline for submitting applications for compensation for services rendered in this case pursuant to sections

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 23**

DA 1995337.8

327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the

Effective Date is one hundred twenty (120) days after the Effective Date. The deadline to object

to final fee applications shall be the twenty-first (21st) day after such fee application has been filed.

# # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

/s/ Jason P. Kathman
Jason P. Kathman
Texas Bar No. 24070036
Megan F. Clontz
Texas Bar No. 24069703
SPENCER FANE LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Telephone: (972) 324-0300
Facsimile: (972) 324-0301

**ATTORNEYS FOR DEBTOR and
DEBTOR-IN-POSSESSION**

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING
DEBTOR'S AMENDED PLAN OF REORGANIZATION, AS MODIFIED - Page 24**

DA 1995337.8